UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JACKSON,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:20-cv-01322-ART-MDC<br><br>Order |

Before the Court are Defendants' Motion for Judgment on the Pleadings (ECF No. 39) and Motion for Summary Judgment in the Alternative (ECF No. 40)[1] and Plaintiff's Motion to Stay Filing of Summary Judgment (ECF No. 52). In their motions, Defendants assert that Plaintiff failed to exhaust his administrative remedies before filing suit as required by the Prisoner Litigation Reform Act (PLRA). For the reasons discussed below, this Court denies Defendants' motions and consequently denies Plaintiff's motion as moot.

I. **BACKGROUND**

In his Second Amended Complaint (ECF No. 20), Plaintiff, an inmate at High Desert State Prison (HDSP), alleges 1) retaliation in violation of the First Amendment, and 2) confinement in segregation and loss of privileges, employment, and quality of life in violation of the due process clause of the Fourteenth Amendment. (ECF No. 20 at 2.) In its screening order, the Court dismissed with prejudice the Fourteenth Amendment procedural due process claim. (ECF No. 22 at 10.) The Court also dismissed without prejudice Defendants

---

[1] Because ECF Nos. 39 and 40 are identical, the Court will refer to ECF No. 40 throughout this order.

1

Williams, Wilson, Dugan, Dzurenda, and NDOC. (*Id.*) The Court allowed the First Amendment retaliation claim to proceed against Defendants Nash, Natali, Hunter, and Quinn. (*Id.*)

Plaintiff claims that he was retaliated against because he sued Defendants Nash and another officer for violating his right to a nutritionally adequate religious vegan diet. (*Id.* at 4.) He argues, among other things, that Defendants Natali and Quinn "conducted a 'targeted' search of Plaintiff's cell and confiscated articles belonging to Plaintiff's cellmate." (*Id.*) As a result of the search, Plaintiff and his cellmate were red-tagged (confined to their cell) for two days before the prison restored their full level 1 privileges. (*Id.*) Plaintiff claims that he was subsequently sent to segregation without notice of any charges, and then provided late notice of the charges in violation of AR 707, before the prison eventually dismissed the charges as unfounded and released him from segregation. (*Id.*) Plaintiff claims that, because of these false charges, he lost ten months of stat time and was deprived of the benefits of Level 1 status (ex: yard 7 days/week, 12-hour tier time, unrestricted phone calls to family, packages, full commissary, etc.). (*Id.* at 5.)

**II.   LEGAL STANDARD**

      a.   Judgment on the Pleadings

A party may move for judgment on the pleadings "[a]fter the pleadings are closed-but early enough not to delay trial[.]" FED. R. CIV. P. 12(c). When considering a motion for judgment on the pleadings, the court must accept as true all material allegations in the complaint and view them in the light most favorable to the plaintiff. *NL Industries v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986). Judgment on the pleadings is only proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997)

(citing *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996), *cert. denied*, 519 U.S. 1081 (1997)). The Court should only dismiss the case if "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sun Savings and Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). Consideration of matters outside of the pleadings converts the motion for judgment on the pleadings into a motion for summary judgment. FED. R. CIV. P. 12(d).

      b. Summary Judgment

A court should grant summary judgment when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the initial burden of showing the absence of any genuine issue of material fact, and the non-moving party must establish that a genuine issue as to any material fact does indeed exist. *Celotex v. Catrett*, 477 U.S. 317, 323-324 (1986). Material facts are facts that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

      c. Administrative Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). [A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court[.]" *Id.* at 88. But, because the PLRA requires exhaustion of those administrative remedies "as are available," the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." *See Sapp v. Kimbrell*, 623 F.3d 813, 822-23

(9th Cir. 2010). In other words, an inmate must exhaust only those grievance procedures "that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

In a non-exhaustive list, the Supreme Court has explained three ways where a grievance procedure is unavailable: 1) when it operates as a "simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; 2) when the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and 3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* In the third instance, a grievance procedure is unavailable when "the correctional facility's staff misled the inmate as to the existence or rules of the grievance process," misled the inmate "into thinking that … he had done all he needed to initiate the grievance process" or "play[s] hide-and-seek with administrative remedies." *Id.* at fn.3 (citations omitted). "[R]emedies are not considered 'available' if, for example, prison officials do not provide the required forms to the prisoner or if officials threaten retaliation for filing a grievance." *Draper v. Rosario*, 836 F.3d 1072, 1078 (9th Cir. 2016).

Failure to exhaust administrative remedies is a non-jurisdictional affirmative defense that defendants must raise and prove. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); *Jones v. Bock*, 549 U.S. 199, 212-17 (2007). A "defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy. … Then, the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile. … The ultimate

burden of proof, however, remains with the defendants." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Albino*, 747 F.3d at 1166.

### III. DISCUSSION

The issue is whether Plaintiff properly exhausted his retaliation claim by filing an informal grievance, followed by first and second level grievances. Defendants maintain that Plaintiff's informal grievance was a disciplinary matter that the prison rejected as premature, and that Plaintiff failed to refile it. Plaintiff counters that he was grieving retaliation, not merely discipline, and properly appealed the rejection of his informal grievance under the applicable regulation, AR 740.03(6). Plaintiff further maintains that his disciplinary matter is exhausted because once he got the relief requested—the charges were dismissed as unfounded, he was released from segregation, and his custody status was restored—there was nothing more to exhaust.

According to the regulations in effect at the time Plaintiff followed the grievance process by initially filing an informal grievance, followed by first and second level grievances. To exhaust, an inmate must follow procedures at the informal, first, and second levels. *See* A.R. 740 (August 30, 2017). Although an inmate may not appeal a claim that is "DISMISSED or not within the scope of this Regulation," A.R. 740.03(5) (August 30, 2017), there is no indication that regulation was triggered here. Plaintiff instead argues that the applicable regulation is AR 740.03(6), which provides: "An inmate who is dissatisfied with the response to a grievance at any level may appeal the grievance to the next level, within the substantive and procedural requirements outlined herein, unless the action requested has already been Granted at a lower level." A.R. 740.03(6)

(August 30, 2017).

Plaintiff's informal grievance was rejected as premature, but not dismissed. Plaintiff's informal grievance alleged that the Defendants were retaliating against him for filing another civil rights case by placing him in disciplinary segregation without notice of the charges or a disciplinary hearing. (ECF No. 40-1 at 20-22.) The grievance coordinator rejected the grievance as premature on a form that stated: "After correcting the deficiencies listed below, you may re-submit your grievance." In the space below, the grievance coordinator wrote that Plaintiff "received disciplinary action & are still pending disciplinary hearing." (*Id.* at 19.) This indicated that the grievance coordinator considered his informal grievance to be grieving a pending disciplinary matter and was deficient because it was premature. The form invited Plaintiff to resubmit. Because the form indicates that the informal grievance was rejected, not dismissed, there was no bar to appeal under A.R. 740.03(6).

Plaintiff's first and second level grievances show that he was grieving retaliation and "dissatisfied" with the grievance coordinator's responses. In his first level grievance, Plaintiff reiterated his concerns about retaliation, including the lack of process in his placement, and he requested his release. (*Id.* at 18.) The grievance coordinator told Plaintiff in the "correct deficiencies" section that he needed to attach his informal grievance and use the first level complaint form because he was grieving a disciplinary appeal. (*Id.* at 17.) Plaintiff then filed a second level grievance arguing that his grievance "is [not] a disciplinary appeal. This is about retaliation against [him] for [his] pending litigation." (*Id.* at 15.) The grievance coordinator stated that he had "rejected" Plaintiff's grievance at the informal level and that Plaintiff could not continue through the grievance process without correcting the deficiencies. (*Id.* at 14.)

It appears Plaintiff properly exhausted his retaliation claim under AR 740, or at a minimum there is a genuine disputed issue of material fact as to whether

1 he did. Plaintiff could appeal the rejection of an informal grievance if he was
2 "dissatisfied with the response." AR 740.03(6). Plaintiff made clear that he was
3 grieving retaliation and disagreed with the grievance coordinator's
4 characterization of his grievance as a disciplinary matter. On this record, Plaintiff
5 has the better argument on that he could appeal if he was dissatisfied with the
6 response to his grievance.

7 Though Defendant's insist Plaintiff's failure to cure and resubmit his
8 informal grievance amounts to a failure to exhaust his disciplinary matter,
9 Plaintiff argues that claim was fully exhausted because once he got the relief he
10 requested, there was nothing more to do. NDOC regulations state that "[i]f the
11 Grievance is 'Granted' at any level, the grievance process is considered complete
12 and the inmate's administrative remedies exhausted…" A.R. 740.03(6)(C); *see
13 also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust
14 'available' remedies persists as long as *some* remedy remains 'available.'").
15 Plaintiff explains that he exhausted his administrative remedies because he
16 received his requested relief: the charges were dismissed as unfounded, he was
17 released from disciplinary segregation, and the prison restored his Level One
18 Custody Status. (ECF No. 45 at 9-10.) That relief completed his disciplinary
19 matter, so there was no other remedy available.

20 Thus, there is a genuine dispute of material fact as to whether this qualifies
21 as exhausting all available remedies related to any disciplinary matter. In
22 addition, Plaintiff's informal grievance, first-level grievance, and second-level
23 grievance on retaliation addressed the discipline and related procedural
24 violations, and it is the retaliation claim that is now before this court.

25 Because there exist genuine issues of material fact regarding whether
26 Plaintiff exhausted, the Court need not address additional arguments raised by
27 Plaintiff and will deny Defendants' Motion for Judgment on the Pleadings (ECF
28 No. 39) and Motion for Summary Judgment (ECF No. 40).

## IV. CONCLUSION

It is hereby ordered that Defendants' Motion for Judgment on the Pleadings (ECF No. 39) and Motion for Summary Judgment (ECF No. 40) are denied.

It is further ordered that Plaintiff's Motion to Stay Filing of Summary Judgment (ECF No. 52) is denied as moot.

DATED THIS 9th day of February 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE