UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Jackson,<br><br>                        Plaintiff,<br><br>v.<br><br>Nevada Department of Corrections et al.<br><br>                        Defendants. | Case No. 2:20-cv-01322-ART-MDC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY (ECF No. 79)** |

Plaintiff's *Motion to Extend Discovery* (ECF No. 79)("Motion"), which the Court construes as a motion to re-open discovery, is **DENIED**. Plaintiff's related *Objection* (ECF No. 78) is **OVERRULED**.

I. BACKGROUND

The only claim at issue in the case is plaintiff's First Amendment relation claim. *ECF No. 22 at 10*. Plaintiff claims that defendants retaliated against him because he sued them in another case for allegedly violating his diet requirements. *ECF No. 62*. The alleged retaliation consisted of defendants M Natali and Kelly conducting a targeted search of plaintiff's cell, confiscating some belongings, and manufacturing weapons charges. *Id.* As a result of the search, plaintiff and his cellmate were red-placed in confinement ("red-tagged") and plaintiff was subsequently sent to segregation without notice of any charges.

II. RELEVANT DISCOVERY HISTORY

On February 9, 2023, plaintiff served defendants with a Request for Production of Documents ("RFP"). *See ECF No. 68 at 17*. Thereafter the parties engaged in lengthy efforts to resolve serval disputes that arose regarding defendants' responses to the RFP. In May 2023, plaintiff filed two motions to compel (ECF Nos. 43, 47) after informal efforts to resolve discovery disputes were unsuccessful. The Court ruled on those motions on October 17, 2023, and entered an order (ECF No. 56)("10/17/23

Order") compelling defendants to produce to plaintiff all responsive emails found or certification if no responsive emails were located. *See ECF No. 56.* On October 24, 2023, defendants filed a *Notice of Compliance* (ECF No. 57)("10/24/23 Notice") stating that they have complied with Court's 10/17/23 Order and produced all responsive emails, which were identified as Bates stamped documents "Wilson Emails 001-031" and "Nash Emails 001-069." Plaintiff did not contest defendants' production or assertion that they had produced to him all emails responsive to his RFP.

Other disputes regarding plaintiff's RFP remained, however, and the parties attempted to informally resolve them. Those efforts were unintentionally delayed as a result of defendants' change of counsel and other mail issues. *See ECF No. 68.* Ultimately, the parties' efforts were unsuccessful and plaintiff timely a filed third *Motion To Compel Discovery* (ECF No. 68) relative to his RFP on October 23, 2024. The Court heard plaintiff's third *Motion To Compel Discovery* on March 7, 2025. *See ECF No. 76.* During the hearing, defendants again confirmed that all responsive emails had been produced as compelled by the Court's 10/17/23 Order and certified by defendants' *Notice of Compliance* (ECF No. 57). The Court granted in part plaintiff's third *Motion To Compel Discovery* (ECF No. 68) and compelled defendants to respond to plaintiff's RFP numbers 3, 4, 6, 7, 8, 13, 15, and 16. *See ECF No. 76.*

On April 1, 2025, defendants filed a *Notice of Compliance* (ECF No. 77)("4/1/25 Notice") stating that "all available supplemental documents have been provided to Plaintiff" via supplemental disclosures and responses, in compliance with the Court's order at ECF No. 76.

On April 14, 2025, plaintiff filed an *Objection* ("ECF No. 78) to defendants' 4/1/25 Notice suggesting that defendants' "finally provided the emails related to the shift supervisor." *Id.* Plaintiff also claims that defendants' supplemental production included a photograph which purportedly demonstrates that no weapons were found in his cell. On the basis of his *Objection*, plaintiff also filed his Motion (ECF No. 79) seeking to re-open discovery to request the following from defendants:

(1) The identity of the shift supervisor who authorized the weapons charge against plaintiff since there "was no evidence of weapons."

2

  (2) The video of Sgt. John Rivera regarding denial of plaintiff's dinner due to plaintiff refusing to accept an "unapproved diet."

  (3) The audio recording of his cellmate's disciplinary hearing.

  (4) A an unredacted version of the photograph produced by defendants which does not redact his cellmate's identification card.

  (5) All emails by Jonathan Rivera that mention plaintiff.

### III. ANALYSIS

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The federal rules of civil procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *FRCP 1*. The Court has discretion to reopen discovery upon a showing of good cause. *See McCart-Pollak v. On Demand Direct Response LLC*, No. 2:20-CV-01624-GMN-MDC, 2024 WL 3256517, at *3 (D. Nev. July 1, 2024), *objections overruled sub nom. McCart-Pollak v. Saevitzon*, No. 2:20-CV-01624-GMN-MDC, 2025 WL 89611 (D. Nev. Jan. 13, 2025). Plaintiff has not shown good cause to reopen discovery.

First, defendants affirm that they have produced all responsive emails and "available supplemental documents" to plaintiff. *See ECF Nos. 57 and 77; see also McCart-Pollak,* 2024 WL 3256517, at *2 ("An attorney's signature on a disclosure document constitutes a certification that to the best of the attorney's knowledge and belief formed after a reasonable inquiry the disclosures are correct and complete as of the date signed.")(*citing* Fed. R. Civ. P. 26(g)(1)(A)). Plaintiff does not identify in his Motion any purportedly new emails that plaintiff produced for the first time in April 2025. Second, the proposed discovery sought by plaintiff is not relevant, not proportional, and has been previously denied by the Court (*see ECF Nos. 56 and 68*).

Plaintiff's first proposed request for identity of the shift supervisor is premised on plaintiff's allegation that the photograph produced by defendants shows there is "no evidence of weapons." Defendants establish, however, that the previously produced Notice of Charges identifies the weapons as

3

"a 6 inch sharpened piece of metal, and a pen that was altered to create a rigid stabbing weapon" (*ECF No. 81-1*), which are visible in the photograph (*ECF No. 79 at 7*).  Thus, plaintiff's request is not relevant nor proportional to the needs of the case.

Plaintiff's proposed discovery requests numbers two through four are also not relevant. Proposed request number two concerns plaintiff's separate suit regarding alleged violations of his diet requirements.  Plaintiff's third and fourth discovery requests concern his cellmate, and the Court has previously denied similar requests regarding his cellmate (*see ECF Nos. 56 and 68*).  Plaintiff's proposed fifth request seeks irrelevant information because Jonathan Rivera is not a defendant and is also unreasonably broad and not proportional to the needs of the case.  Moreover, the record shows that defendants have produced all responsive emails (*ECF Nos. 57 and 77*).

## ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's *Objection* (ECF No. 78) is **OVERRULLED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion to Extend Discovery* (ECF No. 79)("Motion"), which the Court construes as a motion to re-open discovery is **DENIED**.

Dated:  June 26, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge