UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JACKSON, | Case No. 2:20-cv-01322-ART-MDC |
| Plaintiff, | ORDER GRANTING MOTION TO DENY OR DEFER JUDGMENT ON MOTION FOR SUMMARY JUDGMENT AND RELATED MOTIONS (ECF Nos. 85, 86, 95) |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

*Pro se* Plaintiff Robert Jackson filed a civil rights complaint under 42 U.S.C. § 1983 against Defendants Nash, Hunter, Natali, and Quinn ("Defendants") alleging he was retaliated against in violation of the First Amendment for filing a different civil rights lawsuit while incarcerated at Southern Desert Correctional Center. (ECF No. 20.) Before the Court is Defendants' Motion for Summary Judgment (ECF No. 83), Plaintiff's Motion to Defer/Deny Summary Judgment (ECF Nos. 85, 86), and Plaintiff's Objection to the magistrate judge's order denying his Motion to Issue Subpoena (ECF No. 94.)

## I.   Procedural Background

Plaintiff's Second Amended Complaint was screened on May 10, 2022. (ECF No. 22.) On November 16, 2022, the Court entered a scheduling order directing discovery to close on May 14, 2023, with discovery motions due by June 13, 2023. (ECF No. 33.) Defendants requested discovery be stayed when they filed their Defendants filed a Motion for Judgment on the Pleadings and Motion for Summary Judgment on April 21, 2023. (ECF No. 39, 40.) The Court denied those motions, and found the stay of discovery moot, on February 9, 2024. (ECF No. 62.)

The magistrate judge granted a new scheduling order and discovery plan

on March 28, 2024, with discovery due on October 23, 2024, and discovery motions due by November 22, 2024. (ECF No. 65.) Plaintiff filed a Motion to Compel on October 23, 2024 (ECF No. 68), and a hearing was conducted on March 7, 2025. (ECF No. 76.) The magistrate judge ordered the Defendants to provide supplemental responses to several of the Plaintiff's Requests for Production that had been pending since February 2023. (*Id.*) On April 1, 2025, Defendants filed a Notice of Compliance with the Court's order. (ECF No. 77.) Plaintiff objected to that notice, arguing that Defendants' discovery was deficient and/or needed supplementation and filed a Motion to Reopen Discovery on April 14, 2025, which was fully briefed by both parties. (ECF Nos. 78, 80, 82.)

Defendants filed a second Motion for Summary Judgment on May 7, 2025. (ECF No. 83.) Plaintiff filed a Response and Motion to Defer/Deny Summary Judgment on Rule 56(d) on May 20, 2025. (ECF Nos. 85, 86.) Defendants responded. (ECF Nos. 87, 88.) Plaintiff replied. (ECF No. 89.)

On June 26, 2025, the magistrate judge denied Plaintiff's Motion to Reopen Discovery. (ECF No. 90.) Plaintiff filed a Motion to Issue Subpoenas and Order Service by U.S. Marshal on July 21, 2025. (ECF No. 91.) After the motion was fully briefed, the magistrate judge denied Plaintiff's Motion. (ECF No. 94.) Plaintiff objected to the magistrate judge's order, and Defendants responded, and Plaintiff replied. (ECF No. 95, 96, 99.)

Still outstanding are Defendants' Motion for Summary Judgment (ECF No. 83), Plaintiff's Motion to Defer/Deny Summary Judgment based on Rule 56(d) (ECF Nos. 85, 86), and Plaintiff's Objection to the magistrate judge's Order (ECF No. 94.)

## II.    Legal Standard: Defer/Deny Summary Judgment on Rule 56(d)

"Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685

F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)). A party seeking Rule 56(d) relief must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "This showing cannot, of course, predict with accuracy what further discovery *will* reveal; the whole point of discovery is to learn what a party does not know, or without further information, cannot prove." (emphasis in original) *Stevens v. Corelogic*, 899 F.3d 666, 678 (9th Cir. 2018). On a Rule 56(d) request, evidence sought must be more than "the object of pure speculation." *Id.* (quoting *California v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998). The party must also show that he or she has pursued discovery diligently in the past. *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002).

"Importantly, the Ninth Circuit explained that in pro se prisoner cases, summary judgment is not favored when discovery requests for relevant evidence are pending." *Johnson v. Williams*, No. 2:20-cv-01835-RFB-DJA, 2023 WL 6218062, at *1 (D. Nev. Sept. 23, 2023) (citing *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004); *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988)).

### III.   Analysis

Plaintiff contends that he still requires discovery on five topics: (1) the shift supervisor's identity and logs who authorized the Notice of Charges; (2) a video recorded by Sergeant John Rivera in an encounter with Plaintiff regarding his vegan diet, (3) audio of his cellmate's disciplinary hearing for OIC 440287, (4) an unredacted photo of his cellmate's identification card, and (5) emails generated to or from Sergeant Rivera and Defendants regarding his vegan diet litigation. (*Id.* at 6.) He argues that these materials are essential to his opposition to the Motion for Summary Judgment in relevant part because they will provide facts that could prove retaliatory motive or intent of the search and Defendant Nash and Hunter's

level of involvement in the search and Notice of Charges. (*Id.*) Plaintiff points to regular efforts to elicit discovery throughout the lawsuit and in recent motions to demonstrate that he has diligently pursued production of materials. (ECF No. 85 at 3.) Defendants argue that Plaintiff either already has the information he is requesting, or that it is not relevant to this lawsuit. (ECF No. 87 at 2.)

The Court may consider Plaintiff's motion despite his earlier failure to timely object to the magistrate judge's order denying his Motion to Reopen Discovery (ECF No. 90). Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *See also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (discussing factors to consider in determining whether a party's failure to timely act constitutes excusable neglect); *Las Vegas Skydiving Adventures LLC v. Groupon, Inc.*, No. 2:18-cv-02342-APG-VCF, 2022 WL 594833, at *7 (D. Nev. Feb. 28, 2022) (considering an untimely objection to a magistrate judge order). Local Rule IA 1-4 also allows the court to "sua sponte or on motion change, dispense with, or waive any of these rules if the interests of justice so require." The Court finds that reopening discovery is appropriate in this case, and therefore there is good cause to extend the time to consider Plainitff's Motion. *See also Villery v. Jones*, No. 1:15-cv-01360, 2021 WL 2227363, at *6 (E.D. Cal. Jun. 2, 2021) (finding that where magistrate judge found a relevant piece of evidence irrelevant, it constituted clear error). Plaintiff's Rule 56(d) request is supported by his showing of diligence in trying to discover essential facts needed to oppose Defendant's Motion for Summary Judgment.

### a. Diligence

Plaintiff has diligently pursued discovery. Plaintiff moved to compel discovery (ECF Nos. 43, 47, 68), objected to Defendants' response after additional

discovery was ordered (ECF No. 78), and described the materials he seeks in his Motion to Defer/Deny at issue (ECF No. 86). He now seeks to reopen discovery based on information that he only had access to after Defendants responded to a court order. The Court finds that Plaintiff acted diligently and without unnecessary delay in attempting to discover the materials.

### b. Essential to Oppose Summary Judgment

Plaintiff has five additional discovery requests that he argues are essential to oppose summary judgment that he put forth in an affidavit attached to his motion. (ECF No. 85 at 5.)

### i. The identity of the shift supervisor and his tracking logs

Plaintiff argues that Defendants' previous responses indicating Kelly Quinn as the shift supervisor are insufficient because Defendants did not produce the tracking logs he should have completed had he performed his duties pursuant to A.R. 707. (ECF No. 89 at 2.)

Defendants argue that the search conducted on Plaintiff's cell was random, and that there is no causal link between Plaintiff's vegan meal litigation and the search and charges that Plaintiff experienced. (ECF No. 83 at 12.) Plaintiff argues that shift supervisor logs could help refute this argument and determine "whether the search was truly random or targeted" (ECF No. 85 at 6). In particular, he seeks discovery of facts that could tend to show that Defendants were aware of Plaintiff's protected activity (his vegan meal litigation), that such knowledge may have motivated their decisions to search Plaintiff's cell and charge him, and their actions did not advance legitimate correctional goals.

The Court finds that Plaintiff's request for Defendant Quinn's shift supervisor logs could provide relevant, essential facts for his First Amendment retaliation claim. Although the magistrate earlier denied Plaintiff's Motion to Reopen Discovery on the ground that the discovery he sought was irrelevant to his claim of retaliation (ECF No. 90), Plaintiff clarifies that Defendant Quinn's

logs regarding his Notice of Charge are documents that should exist under A.R. 707 and could be relevant here. (ECF No. 89 at 2.) Upon an observation of a violation of the Code of Penal Discipline, A.R. 707 requires a staff member to contact their section supervisor and provide a report. (ECF No. 83-12.) After entering the report, the staff member contacts the section supervisor to alert them to the report, upon which the supervisor will determine the specific charges to be attached. (*Id.*) The section supervisor is then required to "complete the [Notice of Charges] tracking log." (*Id.*) Defendant Quinn's submissions to the tracking log could indicate whether there was a retaliatory motive or intent behind the search or his decision to charge Plaintiff, as well as prove that there was no legitimate penological interest, thus precluding summary judgment. This is especially relevant where Defendants argue that "there are no facts establishing causation." (ECF No. 83 at 12.) Therefore, the Court grants this request for discovery.

### ii. Emails generated to or from Sergeant John Rivera regarding OIC 440287 or Plaintiff's vegan diet litigation

Plaintiff argues that emails between Sergeant Rivera and Defendants could lead to information about his retaliation claim, specifically, whether individuals who participated in the search and charging decisions were aware of and acting upon knowledge of his vegan meal litigation. He claims that the emails could be relevant to determine whether the search was "truly random or targeted" and point to any personal participation of Defendant Nash in the search and charge decision. (ECF No. 86 at 6.)

Defendant argues that the emails are not relevant because Defendants already performed a search for any emails including the four Defendants and OIC 440287 for the time period January 1, 2018, through December 31, 2018. (ECF No. 87 at 4-5.) Plaintiff responds that Defendants' production of emails did not encapsulate his current request. (ECF No. 89 at 4.) Plaintiff seeks discovery of

emails that differ in both time and scope: he requests emails exchanged between October 2017 and December 2019, before being videotaped by Sergeant Rivera in an encounter about his vegan meal, and including topics regarding his vegan meal litigation. (*Id.* at 4-5.) The emails already produced do not necessarily reflect all available communication that Plaintiff requests.

The magistrate judge found that the emails were not relevant because Sergeant John Rivera is not a defendant and the request is unreasonably broad and not proportional to the case. (ECF No. 90 at 4.)

Defendants' emails to and from Sergeant Rivera from the time of Plaintiff initiating his vegan meal litigation in 2017 could provide relevant, essential facts to establishing retaliatory motive or intent. On December 19, 2017, Defendant Nash was told via email that Sergeant Rivera documented an interaction between himself and Plaintiff regarding his state prescribed diet. (ECF No. 78 at Ex. 3.) This fact suggests that Sergeant Rivera was aware of Plaintiff's vegan meal litigation. Sergeant Rivera was then copied on emails from Defendants Quinn and Natali regarding the outcome of the search and Notice of Charges in March 2018. (ECF No. 89 at 5.) Additional facts from this discovery process could establish Defendant Quinn and Natali's knowledge of Plaintiff's vegan meal litigation before the search and personal participation of Defendant Nash in the adverse action that Plaintiff suffered. Therefore, Plaintiff's estimation of relevance goes beyond mere speculation. The request can easily be tailored to a period between October 2017 and December 2019 to prevent disproportional discovery. Therefore, the Court grants this request to reopen discovery.

### iii.  Remaining Requests

The Court finds Plaintiff's remaining requests are not "essential to justify [his] opposition to the motion for summary judgment" nor relevant. *Stevens,* 899 F.3d at 678. Plaintiff does not adequately explain what facts he believes will be illuminated by watching the video recording of his dispute surrounding his vegan

meal. He suggests that Sergeant Rivera's choice to record the conversation supports a theory that the Defendants conspired to file a notice of charges. (ECF No. 89 at 3.) The motive behind his choice, however, will not be illuminated by the production of the conversation between Sergeant Rivera and Plaintiff.

Information related to Plaintiff's cellmate, Xavier Powell—including his unredacted ID, audio file of his hearing, disciplinary forms, and any potential appeal—are not relevant to whether the search and charges against Plaintiff were retaliation for his vegan meal litigation. Plaintiff does not describe why it is relevant to the adverse action that he suffered whether his cellmate was found guilty and if the hearing officer agreed that there were weapons as described in the Notice of Charges. (*Id.*) Plaintiff also suggests that Defendants will use the unredacted I.D. to mislead the jury but does not describe how. (ECF No. 89 at 4.) Therefore, the Court will not reopen discovery for these materials.

### c. Reopening Discovery

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses primarily on the movant's diligence. Local Rule 26-3 supplements Federal Rule of Civil Procedure 16. Under Local Rule 26-3, "[a] motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline." A request made after the expiration of the subject deadline will not be granted unless the movant demonstrates "good cause," and "that the failure to act was the result of excusable neglect." Local Rule 26-3. Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). Courts have reasoned that whether neglect is excusable depends on such factors as: (1) the danger of prejudice to opposing parties; (2) the length of the

delay, and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017). The determination is ultimately an equitable matter and should take into account all the relevant circumstances. *See Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, 2017 WL 4467541, at *7 (D. Nev. Oct. 5, 2017).

### i. Good Cause and Excusable Neglect

Based on the foregoing, the Court finds that good cause exists to reopen limited discovery. Next, the Court finds there was excusable neglect for the delay. The Court does not find Defendants would be prejudiced if discovery is reopened for the limited purpose of enabling useful discovery regarding the tracking logs and relevant emails. The Court is not persuaded that needing to refile the motion for summary judgment after discovery closes in this matter would constitute prejudice. The Court also finds that the reason for delay does not weigh against granting Plaintiff's motion because he has been diligently attempting to compel discovery from the Defendants for years, and his present request directly flows from new emails he received in April 2025. (ECF No. 78 4-5.) The Court finds that the Plaintiff has acted in good faith.

Accordingly, Plaintiff's Motion to Defer/Deny Summary Judgment (ECF No. 85) is granted, and Defendant's Motion for Summary Judgment (ECF No. 83) is denied without prejudice.

### IV.   Legal Standard: Objection to Magistrate Order

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a). A district court will thus defer to a magistrate judge's nondispositive order unless it is clearly erroneous or contrary to law. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "A finding is clearly erroneous when although there is

evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *24-7 Grp. of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232, at *2 (D. Nev. Nov. 21, 2014); (quoting *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.* (quoting *Conant v. McCoffey*, C97–0139, 1998 WL 164946, at *2 (N.D. Cal. Mar.16, 1998)).

## V.     Analysis

Based on the Court's findings of relevancy under Rule 56(d), the magistrate judge did not clearly err when he denied Plaintiff's Motion to Issue Subpoena regarding the video taken by Sergeant Rivera of his refusal of a meal, audio of his cellmate's disciplinary hearing, and documentation of his cellmate's disciplinary hearing for relevancy and proportionality. (ECF Nos. 91 and 95.)

## VI.     Conclusion

It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No. 83) is DENIED WITHOUT PREJUDICE and with leave to refile after completion of additional discovery.

It is therefore ordered that Plaintiff's Motion to Defer/Deny Summary Judgment (ECF No. 86) is GRANTED.

It is further ordered that discovery shall be reopened consistent with this order. Defendants shall provide on or before March 2, 2026, the shift supervisor's tracking logs and emails with Defendants to and from Sergeant John Rivera regarding Plaintiff's vegan meal litigation for the period of October 2017 to December 2019, if available, or a notice certifying that upon a diligent search there are no further materials.

It is further ordered that Plaintiff's Objection to the Magistrate Judge's Denial of a Rule 45 Subpoena (ECF No. 95) is OVERRULED.

//

Dated this 30th day of January, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE