**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Robert Jackson,<br>Plaintiff(s),<br>vs.<br>Nevada Department of Corrections, et al.,<br>Defendant(s). | 2:20-cv-01322-ART-MDC<br>**ORDER** |

Pro se plaintiff Robert Jackson filed a *Motion to Amend* ("Motion")(*ECF No. 111),* which the Court **HOLDS IN ABEYANCE.** Defendants did not oppose or respond to the Motion. While discovery and pretrial deadlines have apparently closed, such grounds were neither raised nor in and of themselves reasons to deny amendment of a pleading. It is not the job of the Court to make parties' arguments for them. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Under the Local Rules, the Court may construe the defendants' failure to respond as a consent to the Court granting the Motion. See LR 7-2(d). Because of the age of this case and the pending motion for summary judgment, the Court will allow defendants until **October 7, 2026**, to respond to plaintiff's Motion. The Court cautions defendants that if they fail to timely respond, it will grant the Motion per LR 7-2(b) and will not screen plaintiff's proposed amended complaint.[1]

//

//

[1] See *Collins v. NDOC*, No. 2:22-cv-01795-CDS-BNW, 2024 U.S. Dist. LEXIS 116011, at *3 (D. Nev. Jan. 26, 2024)(Finding that courts need not re-screen every proposed amended complaint once a plaintiff's prior complaint has survived screening)(collecting cases).

**IT IS ORDERED that:**

1. The plaintiff's *Motion for Leave to Amend* (ECF No. 111) is **HELD IN ABEYANCE**
2. The defendants have until **October 7, 2026** to file a response to the Motion.

DATED: September 24, 2026.

________________________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**